```
                       UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA

                       CASE NO. 18-CV-20684-SCOLA
                       MAGISTRATE JUDGE P.A. WHITE
```

JOSISKY LAMY,

    Petitioner,

v.                              <u>REPORT OF</u>
                              <u>MAGISTRATE JUDGE</u>
JUAN ACOSTA,[1]                  (Regarding Motion for Stay)

    Respondent.

_____

## Introduction

Josisky Lamy, currently in the custody of Immigration and Customs Enforcement, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43, apparently challenging the basis of his removal order.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B).

Petitioner has filed a Motion for Emergency Stay of Deportation (DE#4). In his motion, Petitioner makes essentially the same claim that he makes in his petition for writ of habeas corpus (DE#1); that is, that he is not a citizen of Haiti and, as such, should not be removed from the United States to Haiti. (Id.).

---

[1] The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court." <u>Id.</u> at 435-436. In this case, the proper Respondent is Juan L. Acosta, because he is the Assistant Field Office Director for Krome Service Processing center, and is thus Petitioner's immediate custodian. Therefore, this petition will be construed as naming Mr. Acosta as the Respondent.

1

It is on that basis that Petitioner also asks this Court to stay his deportation.  (Id.).

## Discussion

The REAL ID Act, 8 U.S.C. §1252, divests this court of jurisdiction to hear any challenge to a final order of removal. See, e.g., Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699-700 (11th Cir.2011) ("[A]n order of removal may be reviewed only by a court of appeals after the filing of a petition for review."). The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision ..., a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This provision has consistently been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief. See Tejada v. Cabral, 424 F.Supp.2d 296, 298 (D.Mass.2006) ("Congress made it quite clear that all court orders regarding alien removal, be they stays or permanent injunctions, were to be issued by the appropriate courts of appeals."); Lage v. Chapdelaine, No. 3:10-cv-1030, 2010 WL 4688820, at *4 (D.Conn. Nov. 10.2010) ("The Real ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal."); Eisa v. Immigration & Customs Enforcement, No. 08-civ-6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept.11, 2008) (finding that the court lacked jurisdiction to grant petitioner a stay of removal); Wilfort

2

v. Gonzales, No. 07-0350-CG-C, 2007 WL 2220461, at *2 (S.D.Ala. Jul.27, 2007) (same).

Although Petitioner has couched his attack on the order of removal as being based on the alleged fact that he is not a citizen of Haiti, he clearly seeks to have this Court stay his deportation until this Court can review the basis for his order of removal. Congress has made it clear that only an "appropriate court of appeals" can provide this relief. 8 U.S.C. §1252(a)(5). While an argument can be made that in very limited circumstances a district court may have jurisdiction to enjoin the removal of an alien, those circumstances do not exist here. See 8 U.S.C. § 1252(f)(2) (authorizing such relief when an alien "shows by clear and convincing evidence that the entry or execution of such [removal] order is prohibited as a matter of law."). Petitioner has failed to present any evidence that would support a finding that his removal is prohibited as a matter of law. Consequently, this Court has no jurisdiction to stay Petitioner's deportation.

The Court observes that Petitioner is not left without a remedy. The relief Petitioner seeks here is available to him through the Court of Appeals.

## Conclusion

Based upon the foregoing, it is recommended that Petitioner's Motion for Emergency Stay of Deportation (DE#4) be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 26th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Josisky Lamy, Pro Se
      037304094
      Krome Service Processing Center
      Inmate Mail/Parcels
      18201 SW 12th Street
      Miami, FL 33194

      Noticing 2241/Bivens US Attorney
      Email: usafls-2255@usdoj.gov
```