```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 18-CV-20684-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
```

JOSISKY LAMY,

    Petitioner,

vs.                                    REPORT OF
                                      MAGISTRATE JUDGE

JUAN ACOSTA,

    Respondent.
_____/

Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43. Careful review of the petition reveals that he is essentially challenging his confinement by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), as well as, his pending deportation to Haiti. (DE#1).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules Governing Section §2241-43 Cases in the United States District Courts.

The court has considered the instant petition (DE#1), together with the petitioner's emergency motion for stay of removal (DE#4), and the respondent's response to this court's show cause order (DE#13) with supporting exhibit(s).

At the time the petition was filed, Petitioner was in custody of ICE and detained at the Krome Service Processing Center in Miami, Florida. Construed liberally, as afforded pro se litigants,

1

pursuant to Haines v. Kerner, 404 U.S. 519 (1972), petitioner essentially argues: (1) in accordance with the United States Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001),[1] he is entitled to release from ICE custody, and (2) his final order of removal to Haiti violates his right to due process. (Cv-DE#1).

In its response to this court's show cause order (DE#13), the government argues correctly that this petition is subject to dismissal as there is no longer a case or controversy because the petitioner has been removed from the United States, having been deported on March 20, 2018. (DE#13-1:2).

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'.... In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citations omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.' ... 'a case is moot when it no longer presents a live controversy with respect to which the court

---

[1] In Zadvydas, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

2

can give meaningful relief.'" Soliman, 296 F.3d at 1242 (citations omitted).

In Soliman, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. The alien was removed from the United States while the appeal was pending. In light of his removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien-release from detention pending removal, in addition to other relief-could not be effected by any order from the Court since the alien was no longer being detained. Id. at 1243. The Court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained ... under the same circumstances[.]" Id.

Moreover, several district courts have determined that once an alien §2241 petitioner has been released from administrative custody the petition no longer presents a case or controversy. Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004). In light of the foregoing, the Court concludes that the instant habeas corpus petition is moot. See Soliman, 296 F.3d at 1242-43.

Since the petitioner has been released from ICE custody, having been deported, no order from this Court directing his

3

release from ICE detention pending final removal could have any effect. Since this court can no longer order the federal respondent to release petitioner, as requested in the petition, because petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998).

Moreover, as previously discussed by this court, to the extent that petitioner means to challenge his final order of removal, this court is without jurisdiction to consider such a request. (DE#s8,12).

It is therefore recommended that this federal habeas corpus petition be DISMISSED, as moot, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 3rd day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Josisky Lamy, Pro Se
      037304094
      Krome Service Processing Center
      Inmate Mail/Parcels
      18201 SW 12th Street
      Miami, FL 33194
      (address of record)

```
Anthony Erickson-Pogorzelski
US Attorney's Office
Civil
99 NE 4th Street
Suite 335
Miami, FL 33132
305-961-9296
Fax: 305-530-7139
Email: anthony.pogorzelski@usdoj.gov
```